UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| PEDRO M. JAUREGUI-ARBAYO, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2:13-cv-01349-GMN-NJK |
| vs. | ) | |
| | ) | **ORDER** |
| BANK OF AMERICA, N.A., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Before the Court is the Motion to Dismiss (ECF No. 6) filed by Defendant. Plaintiff has failed to file a Response to the Motion to Dismiss. For the reasons that follow, the Court GRANTS Defendant's Motion to Dismiss and Plaintiff's Complaint is hereby dismissed.

I. **BACKGROUND**

Plaintiff Pedro M. Jauregui-Arbayo originally filed this lawsuit on July 2, 2013 in Nevada state court. (Pet. for Removal Ex. A, ECF No. 1-1.) Defendant removed the case to this Court on July 30, 2013. (Pet. for Removal, ECF No. 1.) Plaintiff's Complaint alleges a number of causes of action against Defendant related to the foreclosure proceedings that were initiated against Plaintiff's property.

On August 5, 2013, Defendant filed a Motion to Dismiss. (ECF No. 6.) Pursuant to Local Rule 7-2(b) of the Local Rules of Practice of the United States District Court for the District of Nevada, Plaintiff had fourteen days after service of the Motion to file a Response. Accordingly, Plaintiff had until August 22, 2013, to file a Response. Not only did Plaintiff fail to meet this deadline, Plaintiff has failed to file any Response at all.

/ / /

## II.  DISCUSSION

Local Rule 7-2(d) provides that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." D. Nev. R. 7-2(d).  As the Ninth Circuit has held, "[f]ailure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995); *see, e.g.*, *Roberts v. United States of America*, No. 2:01-cv-1230-RLH-LRL, 2002 WL 1770930 (D. Nev. June 13, 2002).  However, before dismissing a case for failing to follow local rules or for failure to prosecute, the district court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

Under this test, "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).  Also, the Court's need to manage its docket is manifest. *See State Farm Mut. Auto. Ins. Co. v. Ireland*, No. 2:07-cv-01541-RCJ-RJJ, 2009 WL 4280282 (D. Nev. Nov. 30, 2009).  Further, Plaintiff's failure to timely respond to Defendant's motion has unreasonably delayed the resolution of this case, and such unreasonable delay "creates a presumption of injury to the defense."  *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).  Less drastic sanctions available to the Court include dismissal of Plaintiff's Complaint without prejudice.

The fifth factor also does not weigh in favor of Plaintiff because it is not clear that this case was likely to be decided on the merits.  Plaintiff has failed to take any action since the Motion to Dismiss was filed.  Accordingly, the Court concludes that consideration of the five factors discussed above weighs in favor of dismissal.

/ / /

## III.     CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (ECF No. 6) is **GRANTED**.  Plaintiff's Complaint is **DISMISSED without prejudice**.  The clerk shall enter judgment accordingly.

**DATED** this 18th day of September, 2013.

_____
Gloria M. Navarro
United States District Judge